**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ALBERTO QUINONEZ TOMAS, | No. 20-70979 |
| Petitioner, | Agency No. A202-127-469 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Juan Alberto Quinonez Tomas, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Quinonez Tomas experienced in Guatemala did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("[C]ases with threats alone, particularly anonymous or vague ones, rarely constitute persecution."); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's determination that Quinonez Tomas failed to establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Duran-Rodriguez*, 918 F.3d at 1029 (applicant did not have a well-founded fear of future persecution where substantial evidence supported the agency's finding that he could relocate).

Thus, Quinonez Tomas's asylum claim fails.

Because Quinonez Tomas failed to establish eligibility for asylum, in this

case, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Quinonez Tomas failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**